Shaw C. J.
delivered the opinion of the Court.
This case comes before the Court again, upon another point.*
When the cause came into this Court upon an appeal allowed on the claim of the trustee, the latter offered to file *172 an additional answer, without any new interrogatory pioposea to him ; and the question for the Court is, whether or not it shall be received.
To many purposes, the proceedings in a cause brought to this Court by appeal, are considered as a continuance of the proceedings had in the Court of Common Pleas. Under the trustee law, it has, we believe, been the constant practice, where the cause has come to this Court by appeal, to receive further disclosures.
In Lee v. Babcock & Tr., 5 Mass. R. 212, and in Rivers v. Smith, 1 Pick. 164, on scire facias, further answers were made in the Supreme Court, and no question was made of the correctness of this practice, and we can perceive no ground on which it can be objected to. On the question, whether the person summoned is chargeable as trustee or not, the whole trial, the whole action of the court, consists in the examination of the trustee, by his general answers, and his answers to interrogatories, and until a final judgment rendered, there seems nothing to restrain the power of the court from receiving further disclosures, if necessary to the rights of the parties. It is undoubtedly within the power of the court, in the discreet exercise of its jurisdiction, to prescribe rules, either by general regulations, or by orders made in the particular case, to direct the manner in which trustees shall answer and be examined. Then the only question is, whether, after a trustee has put in his general answer and has filed answers to such interrogatories as may have been propounded to him by the plaintiff, it is competent for the court to receive a new and additional answer, upon the trustee’s own motion, without a new interrogatory. The Court are of opinion that it is. There may be many cases, where the trustee discovers new facts, or where he finds that he has made an imperfect, defective or erroneous statement; and there seems to be nothing in the provisions of the statute, and nothing in principle, to prevent him, before final judgment, from making a more complete, perfect and correct answer, being responsible as in all other cases for its truth. The whole theory of the trustee process proceeds on the assumption, that the cause is to be decided upon the answers of the trustee, and that he is to be held to a *173 strict responsibility for. the truth of the facts stated. The only objection which could arise, is, that a trustee might be induced by new suggestions and new views, to put in an answer, varying from his first answer, and not true in itself. But when it is considered, that by any mode of administering the law, the trustee may take his own time and his own counsel and make such answer as he will, which cannot be controlled by counter proof, but must be conclusive, there seems to be no more danger of falsification in the one case, than in the other. But when such additional answer is made, the other party ought to be at liberty to file new interrogatories.
In the present case, the answer being offered at the first term, as there is no imputation of laches, and the answer is admitted to be material, we think the answer ought to be received, and the plaintiff be at liberty to file such new interrogatories as he may be advised to do, and the trustee be held to answer at short notice.[1]
Tolman for the plaintiff.
Leland for the trustee.

 See 10 Pick. 440.

 See Carrique v. Sidebottom, 3 Metc. 299.